MARK J. BENNETT    2672
Attorney General of Hawaii

HEIDI M. RIAN       3473
MARTHA IM           5682
SUSAN R. KERN       6413
Deputy Attorneys General
Department of the Attorney General,
State of Hawaii
Kekuanaoa Building, Room 200
465 South King Street
Honolulu, Hawaii 96813
Telephone: (808) 587-3050
Facsimile: (808) 587-3077
E-mail: susan.r.kern@hawaii.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY BETH CHAN, by and through her legal guardian, Mary Gallagher;<br><br>      Plaintiff,<br><br>vs.<br><br>CHIYOME L. FUKINO, in her capacity as Director of the Department of Health of the State of Hawai'i ; THOMAS W. HESTER, in his capacity as Chief of the Adult Mental Health Division, Department of Health of the State of Hawai'i; and LILLIAN B. KOLLER, in her capacity as Director of the Department of Human Services of the State of Hawai'i;<br><br>      Defendants. | CIVIL NO. 04-00685 ACK-BMK<br><br>DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; CERTIFICATE OF SERVICE |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FILED ON AUGUST 26, 2005

Defendants Chiyome L. Fukino, in her capacity as director of the Department of Health of the State of Hawaii, Thomas W. Hester, in his capacity as Chief of the Adult Mental Health Division, Department of Health of the State of Hawai`i , and Lillian B. Koller, in her capacity as Director of the Department of Human Services of the State of Hawaii (collectively, Defendants or State) appear by and through their attorneys, Mark J. Bennett, Attorney General, and Heidi Rian, Martha Im, and Susan R. Kern, and answer Plaintiff's First Amended Complaint for Declaratory Relief, as follows:

### FIRST DEFENSE

1. The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiff's claims are not ripe.

### THIRD DEFENSE

3. Defendants have sovereign immunity and Eleventh Amendment immunity against Plaintiff's claims, and Plaintiff's claims are barred in whole or in part, by statutory immunity.

## FOURTH DEFENSE

4. Defendants are not liable to Plaintiff on the grounds no reasonable modification or accommodation can be made, taking into account the resources available to the State and the needs of others with mental disabilities, and that the relief Plaintiff seeks would fundamentally alter Defendants' programs.

## FIFTH DEFENSE

5. Plaintiff has received the services to which she is entitled and for which she is eligible.

## SIXTH DEFENSE

6. Plaintiff's requests for services, if any, have been reasonably accommodated.

## SEVENTH DEFENSE

7. Plaintiff's claims are moot.

## EIGHTH DEFENSE

8. Defendants deny the allegations contained in numbered paragraphs 24, 25, 26, 29, 30, 31, 36, 37, 40, 41, 42, 43, 44, 54, 55, 61, 62, and 64.

9. As to numbered paragraph 1, State is without knowledge as to the true motivation for the bringing of this lawsuit, and leaves that to the proof of Plaintiff. State denies the inference that this action was necessary or proper to enforce the rights of Plaintiff. State denies that the Plaintiff has been denied integration into

the community or that State has acted unlawfully in denying eligibility or services to Plaintiff.

10. The statements set forth in paragraphs 2, 3 and 4 of the Complaint do not set forth an allegation to which an answer is appropriate other than that the State denies the inference that DOH or DHS inappropriately denied services to Plaintiff and that this action is necessary or appropriate to pursue the rights of Plaintiff.

11. As to the allegations of numbered paragraph 5, State submits that the court lacks jurisdiction for Plaintiff's failure to pursue administrative relief prior to the filing of this action in that the Plaintiff did not appeal the March 4, 2002 decision that Plaintiff is not in need of a specialized psychiatric treatment program for mental illness and the recommendation that nursing facility placement is appropriate. But for this defense and other defenses contained herein, State admits that this court otherwise has jurisdiction over this matter.

12. As to the allegations of numbered paragraph 6, State admits only that if jurisdiction is found to be appropriate, then venue is proper in this court.

13. State admits the allegations contained in numbered paragraphs 7, 14, 15, 21, 23, 27, 34, 38 and 52.

14. As to numbered paragraph 8, State admits only that Defendant Fukino is the Director of the Department of Health of the State of Hawaii and that she, in

195225-1

this capacity, is responsible for the administration of that department, which includes its compliance with state and federal law. State denies the remainder of the allegations of the paragraph.

15. As to numbered paragraph 9, State admits only that Defendant Hester is the Chief of the Adult Mental Health Division of the Department of Health, State of Hawaii and that he, in this capacity, is responsible for the administration of AMHD, which includes its compliance with state and federal law. State denies the remainder of the allegations of the paragraph.

16. The statements contained in numbered paragraph 10 are not allegations to which a response is required.

17. As to numbered paragraph 11, State admits only that Defendant Koller is the Director of the Department of Human Services of the State of Hawaii and that she, in this capacity, is responsible for the administration of DHS, which includes its compliance with state and federal law. State denies the remainder of the allegations of the paragraph.

18. As to numbered paragraph 12, State believes that Plaintiff is currently age 46, not 45, that she was appropriately cared for at Kaiser Hospital Malama Ohana from 1993 until February 2005 and that she received appropriate treatment at Lakeview Rehabilitation Center in Wisconsin. State denies the inference that Plaintiff's placements amount to any improper institutionalization. From June 3,

2005 to the date of the filing of this answer, Plaintiff is placed in an adult residential care home in Honolulu, Hawai`i licensed pursuant to Haw. Rev. Stat. § 321-15.62.

19.   As to numbered paragraph 13, State is unsure as to what time periods Plaintiff contends are relevant to this lawsuit and is therefore unable to admit or deny the allegations. State does admit that services rendered to Plaintiff by Kaiser and Lakeview have been funded in part by the state Medicaid program.

20.   As to numbered paragraph 16, 17, 18, 19, 20, 22, 33, and 47, State is without information to form a belief as to the truth or accuracy of the allegations and therefore denies the allegations, leaving the same to the proof of Plaintiff.

21.   As to numbered paragraph 28, Dr. Hester admits he met with Plaintiff's attorney, denies the remainder of the allegations of the paragraph, and affirmatively states that the Adult Mental Health Division offered to pay for an independent psychiatric assessment of Plaintiff, which offer was denied by Plaintiff's counsel.

22.   As to numbered paragraph 32, State denies that Plaintiff has been correctly identified as a person with mental illness, but admits to the remaining allegations of the paragraph.

23.   As to numbered paragraph 35, State is without information sufficient to form a belief as to the truth or accuracy of the allegations contained in the first

195225-1

sentence of the paragraph. State denies the allegations contained in the last sentence of the paragraph.

24. As to numbered paragraph 39, State admits that Plaintiff has received a diagnosis of bipolar syndrome, states that Plaintiff has been at HDRC's request assessed with a DSM IV Axis I, Diagnosis of Cognitive Disorder NOS, Axis II: None, Axis III: Status post anoxic encephalopathy, Axis IV: Psychosocial and environmental problems, Axis V: GAF=35. State denies all remaining allegations contained in the paragraph.

25. As to numbered paragraph 45, State does not know what is meant by the term "otherwise" and admits only that if Plaintiff's only diagnosis were her diabetic condition, she might be appropriate for placement in a RACC program home.

26. As to paragraph numbered 46, State does not know what is meant by the term "diagnostic index," but does admit only that bipolar disorder is a diagnosis recognized as a brain disorder by the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association.

27. As to numbered paragraph 48, State admits that the actions of named defendants, in relation to Plaintiff, have been solely taken in their official capacities, inasmuch as State has denied some of the allegations, it denies they

knew or should have known of the policies, practices, acts and conditions alleged that suggest any inappropriate action in relation to Plaintiff.

28. State realleges and incorporates by reference all defenses to paragraphs preceding numbered paragraphs 49, 56, 63.

29. As to numbered paragraphs 50, 51, 53, 57, 58, inasmuch as these paragraphs merely sets forth an interpretation of portions of relevant law, which has been further interpreted by various courts, State asserts that the law speaks for itself, within the context of the law in full and is subject to the further interpretation of the court.

30. As to numbered paragraph 59, State admits that Plaintiff has a disability, states that the meaning of the term "qualified" is unclear, and denies the remainder of this paragraph.

31. As to numbered paragraph 60, State admits only that some, but not all of its programs that might be used to address the Plaintiff's needs participate in the Medicaid program. All other allegations or inferences of this paragraph are denied.

32. Defendants deny each and every allegation not specifically addressed in this answer.

* * * * *

195225-1

DATED: Honolulu, Hawaii, July 17, 2006.

_____
SUSAN R. KERN
Deputy Attorneys General
for Defendants

195225-1